**Brian EVANS, Plaintiff—Appellant,**

v.

**Mark KOHL; et al., Defendants—Appellees.**

**No. 04–17429.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

Brian Evans, Las Vegas, NV, pro se.

John G. Watkins, Esq., Las Vegas, NV, Michael P. Rudd, Miami, FL, Robert L. Cardwell, Tharpe & Howell, Las Vegas, NV, Michael Stephenson, Fort Lauderdale, FL, for Defendants–Appellees.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Brian Evans, a Las Vegas entertainer, appeals pro se the district court's judgment dismissing for lack of personal jurisdiction his diversity action alleging malicious prosecution, harassment, and emotional distress against Monroe County and various individuals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's determination that it lacks personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). We affirm.

The district court properly concluded that Evans failed to sufficiently allege that defendants had "continuous and systematic" contacts with Nevada warranting the exercise of general jurisdiction over them. *See id.* at 800–01. Contrary to Evans' contention, defendants did not make a general appearance in this action. *See* Fed. R.Civ.P. 12(h)(1); *Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1318–19 (9th Cir.1998) (holding no waiver of objection to personal jurisdiction where defendant challenged it in timely motion to dismiss).

The district court also properly determined that Evans did not establish specific jurisdiction over defendants because he did not sufficiently allege that defendants purposefully availed themselves of the privilege of conducting activities in Nevada, or that his claim would not have arisen but for the defendants' forum-related acts, or that defendants' connection with Nevada was such that they could have reasonably

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

anticipated being haled into court there. *See Schwarzenegger,* 374 F.3d at 802.

Evans' remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.